**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL F. SOKOLOWSKI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-110** |
| **HOWARD PRINCE, WARDEN** | **SECTION "J"(5)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1] For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

## *I. Procedural and Factual History*

Petitioner, Samuel Sokolowski, appearing through counsel, is a state prisoner incarcerated in Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] On October 14, 2008,

---

[1]28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1, Petition.

Sokolowski was charged by bill of information with aggravated incest pursuant to Louisiana Revised Statute 14:78.1.[3] On October 23, 2008, Sokolowski initially pleaded not guilty, and the court set trial for January 12, 2009.[4] The case ultimately did not proceed to trial, as Sokolowski entered a plea of guilty on January 16, 2009.[5]

On February 9, 2010, Sokolowski timely filed an application for post-conviction relief in the Twenty-Second Judicial District Court, Parish of St. Tammany.[6] In his application, he asserted three claims: (1) the facts of his crime do not fit within the ambit of Louisiana Revised Statute 14:78.1; (2) ineffective assistance of counsel; and (3) urging for the reinstatement of the right to direct appeal and review of claim number one.[7] On April 20, 2010, the state district court denied his application.[8] In its "Reasons for Judgment and Judgment," the state district court explained that in pleading guilty Sokolowski "clearly admitted the facts which constituted the elements of aggravated incest."[9] Furthermore, the state district court found that Sokolowski had failed to meet his burden of proving ineffective assistance of counsel and

---

[3]State Rec., Vol. 1 of 3, Bill of Information, 10/14/08, Twenty-Second Judicial District.

[4]State Rec., Vol. 1 of 3, Minute Entry, 10/23/08.

[5]State Rec., Vol. 1 of 3, Minute Entry, 1/16/09; Transcript, 1/16/09.

[6]State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief, 2/9/10.

[7]*Id.*

[8]State Rec., Vol. 1 of 3, Reasons for Judgment and Judgment, 4/20/10.

[9]*Id.*

that he understood his rights and had voluntarily entered the guilty plea.[10] On May 21, 2010, Sokolowski filed a Notice of Intent to seek supervisory writs to the Louisiana First Circuit Court of Appeals.[11] On the same day he also filed a Motion to compel answer to claim three, regarding his request for an out of time appeal contained in his original post-conviction relief application.[12] On September 20, 2010, the state district court denied this motion, noting that Sokolowski was not entitled to appeal or seek review of his sentence, which was imposed in conformity with his plea agreement.[13] The state district court further explained that as part of the plea bargain, Sokolowski was charged with only one count under the statute, although the bill of information indicated that the date of offense was between December 1, 2006 and December 31, 2007, and thus the State could have charged him with multiple counts.[14] Furthermore, the court rejected Sokolowski's argument that his actual conduct did not fit the elements of the crime charged, noting that the Louisiana First Circuit case he relied on to make this argument had been reversed by the Louisiana Supreme Court, and reiterating that he had admitted the facts that constituted the crime when he pleaded guilty.[15]

---

[10] *Id.*

[11] State Rec., Vol. 1 of 3, Notice of Intent, 5/21/10.

[12] State Rec., Vol. 1 of 3, Motion to compel, 5/21/10.

[13] State Rec., Vol. 1 of 3, Reasons for Judgment and Judgment, 9/20/10.

[14] *Id.*

[15] *Id.*

On October 19, 2012, Sokolowksi filed a Motion for Rehearing along with affidavits asserting that the attorney he had hired to appeal the denial of his post-conviction application had inadvertently (through alleged clerical error) failed to enroll as counsel and had failed to request an extension on the return date for his writ to the First Circuit.[16] The district court held a hearing on the matter on January 24, 2013, and thereafter denied the motion.[17] Sokolowski then filed a writ application seeking review in the First Circuit Court of Appeal on May 9, 2013.[18] On July 15, 2013, the First Circuit declined to consider the writ, citing the Uniform Rules of Louisiana Courts of Appeal, Rules 2-13 and 4-13.[19] The Louisiana Supreme Court subsequently denied Sokolowski's related writ application without reasons on November 22, 2013.[20]

On or about December 13, 2013, Sokolowski filed his federal petition for *habeas corpus* relief in the United States District Court for the Middle District of Louisiana.[21] On January 16,

---

[16]State Rec., Vol. 1 of 3, Application for Post-Conviction Relief–Motion for Rehearing, 10/19/12.

[17]State Rec., Vol. 2 of 3, Transcript, 1/24/13; Minute Entry, 1/24/13.

[18]State Rec., Vol. 3 of 3, First Circuit Writ Application, 5/9/13; State Rec., Vol. Supp, Exhibits to First Circuit Writ Application.

[19]State Rec., Vol. 2 of 3, First Circuit Order, 2013-KW-0765, 7/15/13. Rules 2-13 and 4-13 of the Uniform Rules of Appellate Courts both address the timely filing of writ applications. Thus, the First Circuit denied Sokolowski's writ on procedural grounds rather than on the merits.

[20]State Rec., Vol. 2 of 3, Louisiana Supreme Court Order, 2013-OK-1942, 11/22/13.

[21]Rec. Doc. No. 1, Petition.

2014, his case was transferred to this Court.[22] In his federal petition, Sokolowski raises three claims: (1) his post-conviction counsel actively misled and intentionally deceived him by reassuring him that his writ application had been filed in the First Circuit, while in reality counsel had abandoned Sokolowski's case, thereby causing procedural default and prejudice for which he is entitled to equitable tolling; (2) Sokolowski's conduct did not substantiate his conviction and imprisonment in 2009 under the definition of La. R.S. 14:78.1, until the Louisiana Supreme Court's judicial enlargement of the statute in *State v. Ardoin*, 35 So. 3d 1065 (2010), thereby rendering Sokolowki's conviction and imprisonment in violation of the Due Process Clause and *Bouie v. City of Columbia*, 378 U.S. 347 (1964); and (3) ineffective assistance of trial counsel.[23] The State filed a response arguing that the petition is untimely under the AEDPA, that Sokolowski is not entitled to equitable tolling, and that he has failed to properly exhaust his claims in state court.[24] The State further argues that the claims, if considered, must fail on the merits.[25]

[22]Rec. Doc. No. 2, Order transferring case.

[23]*Id.*; Rec. Doc. No. 11, Memorandum in support.

[24]Rec. Doc. No. 18, Memorandum in opposition.

[25]*Id.*

## *II. Standards of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.[26] The threshold questions on *habeas* review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in a state court, *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b),(c)). In this case, as noted above, the State has raised both timeliness and exhaustion defenses.

### *A. Statute of Limitations and Equitable Tolling*

Under the AEDPA, a petitioner must bring his Section 2254 petition within one year of the date his conviction became final.[27] Sokolowski pleaded guilty on January 16, 2009 and

---

[26]The AEDPA went into effect on April 24, 1996 and applies to *habeas* petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.1998) (*citing Lindh v. Murphy*, 521 U.S. 320 (1997)); *see also, United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992)(Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law).

[27] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

therefore his conviction became final on February 16, 2009, when his thirty-day period for filing an appeal expired.

The State suggests Sokolowski's petition is untimely for a number of reasons. However, the Court need not resolve the timeliness issue–which is rather murky, given the facts and arguments related to equitable tolling–because, as the State alternatively argues, relief is not warranted even if the application is timely.[28] Similarly, a district court may, in its discretion, deny relief on the merits regardless of whether or not the claims have been fully exhausted. 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1999). Accordingly, this Court also declines to address the State's arguments regarding exhaustion, turning instead to the merits.

***B. Merits Review***

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). Subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed

---

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

[28] A federal *habeas* court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds. *See, e.g.*, *Gordon v. Cain*, No. CIV.A. 12-1884, 2013 WL 3833076, at *2 (E.D. La. July 22, 2013) (citing *Brooks v. McCoy*, No. 5:11 HC 2222 F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012)).

questions of both. The AEDPA “modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.” *Bell v. Cone*, 535 U.S. 685, 693 (2002).

A state court's determination of factual issues is presumed to be correct and a federal court will give deference to the state court's decision unless it “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) (“In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.”).

A state court's determination of questions of law and mixed questions of law and fact is given deference under 28 U.S.C. § 2254(d)(1), unless the decision "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States, or ... involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The "contrary to" and "unreasonable application" clauses have distinct meaning:

> A decision is contrary to clearly established Federal law “if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts.” Under § 2254(d)(1)'s “unreasonable application” language, a writ may issue “if the state court

> identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001) *(quoting Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)) (citations omitted). However, "'[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (*quoting Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. at 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002), *cert. denied sub nom, Neal v. Epps*, 537 U.S. 1104 (2003).

The burden is on the petitioner to show that the state court applied the precedent to the facts of the case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (*quoting Woodford*, 537 U.S. at 24–25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786–787, 178 L.Ed.2d 624 (2011).

### *III. Petitioner's Substantive Claims*

#### *A. Petitioner's conduct did not substantiate his conviction in 2009*

Sokolowski's first argument – and really the underlying basis for both of his substantive claims[29] – is that under the law at the time of his conviction in 2009, the facts of his actual conduct did not fit the elements of La. R.S. 14:78.1 and therefore his guilty plea and conviction violate the Due Process Clause of the Constitution.[30] La R.S. 14:78.1 states, in relevant part:

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
>
> B. The following are prohibited acts under this Section:
>
> (1) Sexual intercourse, sexual battery, second degree sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile or a person with a physical or mental disability, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
>
> (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
>
> C. Consent is not a defense under this Section.
>
> D. (1) A person convicted of aggravated incest shall be fined an amount not to

---

[29]The first claim regarding his post-conviction attorney only relates to the issues of timeliness and exhaustion–as the Court has declined to consider those issues and will recommend denial of his substantive claims on the merits, only the other two substantive claims are considered herein.

[30]Rec. Doc. No. 11, Memorandum in support.

> exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.

La. Rev. Stat. Ann. 14:78.1.[31] Sokolowski's argument hinges on paragraph A, which describes the type of relationship (biological, step, or adoptive) required, followed by the different relatives to which the relationship applies, which includes "niece." Sokolowski contends that he was not guilty of the elements of the statute, because the victim of his crime–the underage girl with whom he had an 11-month affair–was not his biological, step, or adoptive niece. Rather, she was his wife's niece, and therefore they were not related under any of the categories necessary for a conviction under the statute.

This is an attack on the sufficiency of the evidence to support Sokolowski's conviction and, as such, it must fail. Sokolowski waived any claim challenging the sufficiency of the State's evidence by pleading guilty. Stated another way, the "mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." *Smith v. McCotter*, 786 F.2d 697, 702-03

---

[31]This statute has since been repealed, effective June 12, 2014. The statute that replaced it, La. R.S. 14:89, effective August 1, 2014, ("Crime Against Nature") explicitly requires consanguinity (relationship by blood). However, this repeal and change in the law does not affect Sokolowski's conviction. The new statute explicitly states: "Neither Act shall be construed to alleviate any person convicted or adjudicated delinquent of incest (R.S. 14:78) or aggravated incest (R.S. 14:78.1) from any requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication including but not limited to any requirements regarding sex offender registration and notification, parental rights, probation, parole, sentencing, or any other requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication." La. Rev. Stat. Ann. 14:89.

(5th Cir. 1986), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.E.2d 560 (1979); *see also Cornett v. Johnson*, No. 97-11250, 1998 WL 546513, at *1 (5th Cir. Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."); *United States v. Silva*, 136 F.3d 136 (5th Cir. 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea."). Thus, when Sokolowski entered his guilty plea, he waived his right to all claims based upon the sufficiency of the evidence. His assertion that his conduct does not meet the elements of the crime charged is a challenge to the sufficiency of the State's evidence. For this reason, Sokolowski is not entitled to federal *habeas* relief on this claim.[32]

***B. Ineffective assistance of trial counsel***

Next, Sokolowski claims that his trial counsel was ineffective, because he advised Sokolowski to plead guilty to La. R.S. 14:78.1 (Aggravated Incest), which, as explained above, Sokolowski contends by its definition was inapplicable to Sokolowski's case in 2009. Furthermore, Sokolowski contends that it was trial counsel's failure to investigate, interview

---

[32] Moreover, as discussed below, there is no actual merit to the claim that Sokolowski's conduct did not fit the elements of the crime of which he was convicted, given the decision of the Louisiana Supreme Court in *State v. Ardoin*, 35 So. 3d 1065 (La. 2010), which held

> by including step-relationships within the ambit of Louisiana's aggravated incest statute, the legislature plainly meant to encompass relationships of affinity within a family arising from the marriages or remarriages of blood relatives including blood parents and siblings.

*Id.* at 1068. Sokolowski's characterization of this holding as a "judicial enlargement" and/or "judicial re-construction" of the subject statute is inapt.

witnesses, and research the applicable law that led to his allegedly ill-founded and ineffective advice to plead guilty.[33]

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate both that counsel's performance was constitutionally deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.* deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371

[33] Rec. Doc. No. 11, Memorandum in support.

(1993) (quoting *Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the prejudice prong of the *Strickland test*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Because the state district court rejected petitioner's ineffective assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, this Court must defer to the state-court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). Moreover, the United States Supreme Court recently explained that, under the AEDPA, federal *habeas corpus* review of ineffective assistance of counsel claims is in fact doubly deferential:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry,

> the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.
>
> A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, ––––, 129 S.Ct. 1411, 1413–14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

*Harrington v. Richter*, 131 S.Ct. 770, 785–86 (2011) (citation omitted). The Supreme Court then explained:

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.
>
> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem,

> review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Id.* at 788 (citations omitted; emphasis added). These highly deferential standards also apply to claims of ineffective assistance of counsel arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Sokolowski has not shown that his trial counsel was ineffective, particularly in light of the circumstances at the time of counsel's conduct. Sokolowski's argument relies primarily upon a Louisiana First Circuit Court of Appeal decision issued a little less than a month after his guilty plea: *State v. Ardoin*, 6 So. 3d 237 (La. Ct. App. 2009). In that case, the same essential facts regarding the perpetrator-victim relationship were present as in Sokolowski's case – a man was charged with aggravated incest, and the victim of the crime was his wife's biological niece.[34] *Id.* at 240. After a bench trial he was found guilty as charged, with the court concluding that he was the "step-uncle" of the victim. *Id.* at 239. On appeal, the defendant argued that the State had failed to prove beyond a reasonable doubt that he was related to the victim as a "biological, step or adoptive" relative as required by the statute. *Id.* The First Circuit agreed, holding that the trial court's finding that the defendant was the victim's "step-uncle" was erroneous, and that he therefore had not committed aggravated incest as defined

[34]The facts of *Ardoin* do vary somewhat from the facts in Sokolowski's case, but not in a fashion that allows the cases to be distinguished for present purposes.

under the statute. *Id.* at 241. Rather, the First Circuit concluded that he was guilty of the lesser included offense of molestation of a juvenile. *Id.*

Sokolowski argues that this First Circuit decision constitutes the "relevant law" at the time of his conviction, and that his trial counsel was ineffective for failing to adduce that Sokolowski, as merely the husband of the biological aunt of the victim, did not fall within the ambit of the aggravated incest statute. This argument is misplaced in the context of an ineffective assistance of counsel claim for a number of reasons. First, at the time Sokolowski pleaded guilty, the *Ardoin* case had not been decided by the First Circuit and there is no evidence that any other court in Louisiana had considered whether a relationship by affinity fit within the subject statute. There was simply no other case that trial counsel could have found in researching the law prior to advising a guilty plea. Second, the First Circuit's decision in *Ardoin* upon which Sokolowski relies so heavily was subsequently reversed by the Louisiana Supreme Court. The *Ardoin* case had originally resulted in a conviction at the trial court level and that conviction and sentence were ultimately affirmed. *State v. Ardoin*, 2010 WL 5075147 (La.App. 1 Cir.), 2008-1504 (La.App. 1 Cir. 12/8/10). The objective reasonableness of trial counsel's interpretation of the statute was actually reinforced by the Supreme Court's reversal of the First Circuit. Sokolowski has not shown that his trial counsel was constitutionally ineffective in light of the circumstances.

And even if Sokolowski could somehow show that trial counsel was ineffective for advising him to plead guilty, he still would fail on the second *Strickland* prong of prejudice. The question here would be, had counsel advised Sokolowski that the statute did not apply because

Sokolowski was not a "biological, step or adoptive" relative of the victim, would that defense likely have succeeded at trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."). Here, the only other case that presented the same relationship was *Ardoin*–a case that resulted in a conviction at trial. That conviction was reversed by the First Circuit, but was ultimately affirmed by the Louisiana Supreme Court. Thus, any possible success on this claim for Sokolowski would likely have been fleeting at best.

Finally, the record reflects that had Sokolowski not pleaded guilty, he could well have been charged with multiple counts of the same crime–and billed as a multiple offender. The state district court noted this aspect of the plea in both of its Judgments–and it cannot be overlooked here on *habeas* review. Under the circumstances, it was not constitutionally ineffective for his attorney to advise him to plead guilty to just one count. Sokolowski is therefore not entitled to federal *habeas* relief on this claim.

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's federal *habeas corpus* application be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[35]

New Orleans, Louisiana, this 27th day of January, 2015.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

[35] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.